**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL ACTION NO. 2:13-CV-00012-FDW**

| | |
|---|---|
| **DORRIS LEE BENNETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Dorris Lee Bennett's Motion for Summary Judgment (Doc. No. 7) and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment. (Doc. No. 9). For the reasons set forth below, Plaintiff's Motion is DENIED, Defendant's Motion is GRANTED, and the ALJ's decision is AFFIRMED.

**I.    FACTUAL BACKGROUND**

Plaintiff seeks judicial review of an unfavorable decision on her application for disability benefits. (Doc. No. 8). On October 28, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 et seq., alleging an inability to work due to a disabling condition beginning July 28, 2009. (Tr. 14, 131-37). The Commissioner denied Plaintiff's application initially on March 25, 2010, (Tr. 29-90), and again after reconsideration on October 1, 2010. (Tr. 91-104). On October 22, 2010, Plaintiff timely filed a written request for an administrative hearing. (Tr. 121-22).

Plaintiff appeared and testified at a hearing before Administrative Law Judge Ivar Avots ("the ALJ") on July 1, 2011. (Tr. 40-77). The ALJ issued a decision denying Plaintiff's claim on October 20, 2011. (Tr. 11-23). Specifically, the ALJ found that Plaintiff was not disabled, and that Plaintiff

> [h]as the residual functional capacity [(RFC)] to perform a range of medium work as defined in 20 CFR 404.1567(c). [Also,] the ALJ [found] that [Plaintiff] has the capacity to lift 50 pounds on an occasional basis, lift 25 pounds on a frequent basis, stand/walk a total of 6 hours out of an 8 hour workday, and sit for about 6 hours of an 8-hour workday. [The ALJ also found that] the claimant is limited to frequent handling with the left upper extremity.

(Tr. 20). On December 1, 2011, Plaintiff filed a request for review of the ALJ's decision, (Tr. 10), which the Appeals Council denied on January 29, 2013. (Tr. 1-4). Plaintiff appealed to this Court on May 7, 2013.

## II.  STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g), and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); Rhyne v. Astrue, 2011 WL 1239800 at *2. District courts do not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different

conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig, 76 F.3d at 589. The ALJ, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. DISCUSSION

Plaintiff contends that the ALJ erred on three issues: (1) that the ALJ's RFC determination is unsupported by substantial evidence because the Vocational Expert ("VE") was asked an incomplete hypothetical question; (2) that the ALJ erred in assessing the required factors in determining Plaintiff's credibility; and (3) that the ALJ failed to develop a full and fair record because the evidence was inadequate. (Doc. No. 8).

**A. Substantial evidence and the ALJ's RFC finding.**

The Court first addresses Plaintiff's contention that the ALJ's RFC is unsupported by substantial evidence because the VE was asked an incomplete hypothetical question. Plaintiff argues that the ALJ's vocational hypothetical question was incomplete because it gave controlling weight to Dr. Edward Woods, M.S., M.D., the non-examining state agency physician, and his October 1, 2001 opinion, and it disregarded Plaintiff's and her husband's testimony regarding Plaintiff's chronic pain condition and subjective testimony in regards to the functional limitations of having trouble standing for long periods, being able to walk for limited time and resorting to a wheelchair if needed, and having difficulty bending and lifting. (Doc. No. 8). Finally, Plaintiff alleges that the ALJ failed to consider the assessment of Plaintiff by Stephen Burgess, M.D., and substituted his own opinion regarding the RFC. (Id.)

With respect to Plaintiff's contention that the ALJ erred in affording controlling weight to Dr. Woods' opinion, Plaintiff fails to support this contention with any further argument and does not explain why the ALJ erred by giving controlling weight to Dr. Woods' opinion.[1] Therefore, the Court disregards Plaintiff's underdeveloped argument. See, e.g., Chandler v. Astrue, 2012 WL 5336216, at *3 (W.D.N.C. 2012), aff'd 2012 WL 530599 (W.D.N.C. 2012) (noting that the court will disregard undeveloped arguments).[2]

Next, Plaintiff contends that the ALJ failed to consider Dr. Burgess' opinion and inserted his opinion. However, the record establishes that the ALJ considered Dr. Burgess' opinion regarding Plaintiff's condition, but concluded that Dr. Burgess' assessment that Plaintiff's "ability to bend, stoop, lift, walk . . . appear to be 35% impaired," appeared inconsistent with Dr. Woods' objective assessment and the objective medical evidence. (Tr. 18-22). Furthermore, Dr. Woods observed that from his assessment, Dr. Burgess' opinion was "an overestimate of the severity of [Plaintiff's] restrictions/limitations[,] and based only on a snapshot of [Plaintiff's] functioning." (Tr. 101). Plaintiff argues the ALJ committed error when he failed to include some or all of these functional limitations as described by Dr. Burgess in the hypothetical question he propounded to the VE. (Doc. No. 8). However, because Dr. Burgess's assessment was inconsistent with the objective medical record, the ALJ was correct in excluding the opinion evidence from the hypothetical question. Thus, the substantial evidence supports the ALJ's RFC determination.

---

[1] The Court notes that the ALJ actually affords this opinion "great weight" as opposed to "controlling weight". (Tr. 22).
[2] "To the extent that Plaintiff intends to argue that Dr. Woods' status as a non-examining source somehow undermines the ALJ's reliance on his medial opinion, this argument lacks legal foundation." (Doc. No. 10). Expert opinions of State agency reviewing doctors like Dr. Woods may amount to substantial evidence where, as here, they represent a reasonable reading of the relevant medical evidence. See Lusk v. Astrue, 2013 WL 498797, at *4 (W.D.N.C. 2013) (citing 20 C.F.R. §§ 404.1527(c) and (e)); see also Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) ("the testimony of a non-examining physician can be relied upon when it is consistent with the record").

## B. The ALJ's Assessment of Plaintiff's Credibility

In her second claim,[3] Plaintiff argues that the ALJ did not take Plaintiff's subjective remarks regarding her chronic pain condition and other remarks made by Plaintiff and her husband at the administrative hearing into account. However, a review of the record establishes that the ALJ did consider Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms. (Tr. 20-22).

The determination of whether a person is disabled by non-exertional pain or other symptoms is a two step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (citing 20 C.F.R. § 404.1529(b)); 42 U.S.C. § 423(d)(5)(A). Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms of leg pain, back and neck pain, and fatigue. (Tr. 20). Thus, step one is satisfied, and the Court turns to step two.

The second step requires the ALJ to evaluate "the intensity and persistence of [Plaintiff's] pain, and the extent to which it affects [her] ability to work." Craig, at 595, (citing 20 C.F.R. § 404.1529(c)(1)). In doing so, the evaluation must take into account Plaintiff's statements about his or her pain, as well as "all the available evidence, such as [Plaintiff's] medical history . . . any objective evidence . . . specific descriptions of pain, and any medical treatment taken to alleviate it." Craig, 76 F.3d at 595. The ALJ determined that Plaintiff's statements concerning the intensity, persistence and limiting effects (i.e., not being able to sit or stand for long periods, and

---

[3] Plaintiff argues both that the ALJ's RFC finding did not account for her chronic or related limitations that she and her husband attested to at the hearing and that the ALJ's credibility finding is not supported by substantial evidence. The Court considers the two claims together.

difficulty bending and lifting) were not credible because they were inconsistent with the RFC. (Tr. 20). Plaintiff claimed to only be able to "lift 2 pounds," and stand and sit for 15 minutes at a time, whereas the RFC states that Plaintiff has the "residual functional capacity to perform a range of medium work . . . [and] has the capacity to lift 50 pounds on an occasional basis, lift 25 pounds frequent basis, stand/sit/walk a total of 6 hours out of an 8 hour workday." (Id.). This inconsistency, coupled with the objective medical evidence, led the ALJ to believe that Plaintiff "has a tendency to exaggerate her symptoms and the etiology of her impairments," (Tr. 22), and therefore disregarded her statements from consideration.

Plaintiff argues that ALJ erred in making this determination by improperly making rationalizations of Plaintiff's subjective statements regarding her condition at the hearing, and claims that having a video hearing prevented an opportunity for the ALJ to fully observe Plaintiff. (Doc. No. 8). The Court notes that Plaintiff does not dispute that an ALJ may draw inferences from his observations during the hearing. See SSR 96-7p, 1996 WL 374186 at *5 (the ALJ may consider his observations of claimant in assessing credibility). Indeed, the ALJ stated that he was able to observe Plaintiff. (Tr. 99). The Court will not, based only on Plaintiff's assertion, question the ALJ's ability to observe Plaintiff. Moreover, the ALJ further supported his rationalization of Plaintiff's statements with evidence that Plaintiff can still perform normal daily activities such as driving, going to church, light housekeeping, and shopping. (Tr. 22). An ALJ is entitled to discount the credibility of complaints by a claimant who is able to engage in normal daily activities. Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (upholding finding that claimant's routine activities—including attending church, visiting relatives, reading, watching television, cooking, cleaning the house, and doing laundry—were inconsistent with complaints of pain); Gross v. Heckler, 758 F.2d 1163, 1166 (4th Cir. 1986) ("the pattern of

[claimant's] daily activity"—including socializing, walking to town, grocery shopping, cooking, washing dishes, and generally taking care of a house—"suggests that he was not disabled from working"). The ALJ also considered the testimony of Plaintiff's husband, but determined that his testimony should be discredited because the objective medical evidence was inconsistent with his testimony, and because of his relationship status with Plaintiff and tendency to be sympathetic to her concerns. (Tr. 22). The Court finds that the ALJ provided a thorough and well supported basis for his credibility finding and that such finding is supported by substantial evidence.

### C. The ALJ's Duty to Develop the Record.

Finally, Plaintiff argues that the ALJ has a duty to develop a full and fair record and cannot rely on the evidence submitted by Plaintiff, when that evidence is inadequate. (Doc. No. 8). The Fourth Circuit has held that an ALJ has a duty to further develop the record "when the evidence is inadequate" to make a finding as to disability. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). However, where "[t]he ALJ had before him sufficient facts to determine the central issue of disability," the ALJ is not required to further develop the record. Scarberry v. Chater, 52 F.3d 322, 1995 WL 238558 at *4 n.13 (4th Cir. 1995). Furthermore, the ALJ "is not required to function as [Plaintiff's] substitute counsel, but only develop a reasonably complete record." Bell v. Chater, 1995 WL 347142 at *4 (4th Cir. 1995) (quoting Clark v. Shalala, 28 F.3d 828, 831 (8th Cir. 1994)). Plaintiff argues that the record contains "no medical source opinions from a treating health provider," and therefore the ALJ has failed in his duty to develop the record. (Doc. No. 8). However, Plaintiff fails to point to any authority that required the ALJ to obtain medical opinions from her treating source. (Doc. No. 10). Also, "an ALJ is not required to adopt any particular source's opinion if the ALJ determines that it is inconsistent with

7

other significant evidence." Rhyne v. Colvin, 2013 WL 4784101 at *5 (W.D.N.C. 2013). Moreover, Plaintiff's claim that the ALJ "play[ed] doctor" due to the absence of a treating source opinion is without merit because the "ALJ based the RFC finding on the medical expert opinion of Dr. Woods." (Doc. No. 10). Thus, the record is adequate, and the Court finds no error.

## IV. CONCLUSION

The final decision of the ALJ conforms to the applicable law and is supported by substantial evidence**. THEREFORE, IT IS HEREBY ORDERED** that the ALJ'S decision is AFFIRMED. Plaintiff's Motion of Summary Judgment (Doc. No. 7) is **DENIED**. Defendant's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**.

**IT IS SO ORDERED**.

Signed: October 11, 2013

Frank D. Whitney
Chief United States District Judge